UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

J-Berd Mechanical Contractors, Inc.,

Plaintiff,

vs. MINUTE ORDER

Fu San Machinery Co., Ltd., a foreign corporation, Sioux Chief Manufacturing Company, Inc., a foreign corporation, and Westburne Supply, Inc., a Delaware corporation.

Defendants. Civ. No. 01-385 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 13th day of November, 2001.

* * *

On November 8, 2002, the Court heard argument on the Plaintiff's Motion to extend the discovery schedule, and for leave to file an Amended Complaint. For these purposes, the Plaintiff appeared by Roger C. Justin, Esq.; the Defendants Fu San Machinery Co. ("Fu San"), and Sioux Chief Manufacturing Co., Inc. ("Sioux Chief"), appeared by Frederick L. Grunke, Esq.;[1] and Defendant Westburne Supply, Inc. ("Westburne"), appeared by Kenneth W. Dodge. The Plain-tiff, having recently retained new counsel, asks that we

[1]Counsel for Sioux Chief has represented, both in his correspondence to the Court, and during the course of the Hearing, that he represents both the interests of Sioux Chief, and of Fu San.

(18)

FILED NOV 13 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

grant its Motion for an extension of the discovery deadline, as well as its request for leave to amend its Complaint. No opposition to the Motion has been raised by any Defendant. For the reasons stated during the Hearing, and reiterated briefly below, we grant the Plaintiff's Motion.

It is clear that the parties are unable to satisfy the current deadlines of our Scheduling Order, and they have requested a fairly lengthy extension in those deadlines. The extension is required to effectuate service of process upon Fu San, a foreign corporation, and in order to complete discovery that might entail the deployment of letters rogatory. While the Plaintiff has clearly failed to comply with the time limits for the service of process, as set by Rule 4(m), Federal Rules of Civil Procedure, we exercise our discretion to extend that time limit. See Adams v. Alliedsignal General Aviation Avionics, 74 F.3d 882 (8th Cir. 1996)(explaining that, if the parties show good cause to extend that service of process deadline, then the Court "shall" extend the 120 day service period, but if the parties cannot meet the good cause standard, the Court "may," nonetheless, grant such an extension).

Counsel for Fu San, and Sioux Chief, advised the Court of his belief that Fu San will now facilitate service, and of his further understanding that service of process can be effected within two weeks. Thus, we will extend the time for service of process upon

Fu San until **November 26, 2001**, and we take this means of advising the parties that, should it appear that service cannot be effectuated by this deadline, they are to immediately contact the Court. Upon being served, Fu San will have the time allowed under the Federal Rules of Civil Procedure to respond by serving its Answer.

The Plaintiff informed the Court that the parties have agreed to a protocol for testing the allegedly defective products, which are at issue in this case, but that it is a complicated process that involves not only the testing of several products, but also requires the parties to notify numerous, interested, non-parties of the testing that will be accomplished. This testing protocol, coupled with the discovery delay caused by the inability to serve Fu San, and the logistical complications imposed by letters rogatory, convinces us that good cause exists to extend the discovery deadlines as requested. See, Rule 16(b), Federal Rules of Civil Procedure (a Court's Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."). Accordingly, we will extend the expert disclosure deadline to **March 1, 2002**, for the Plaintiffs, and until **April 15, 2002**, for the Defendants. The period during which the parties may conduct discovery shall close on **June 30, 2002**, which shall also serve as the deadline by which all nondispositive Motions must be filed and

heard. All dispositive Motions must be filed and heard by **August 15, 2002.** The "Ready for Trial" date will also fall on **August 15, 2002**, or 30 days after the Court renders its Order on any then pending dispositive Motion.[2]

Lastly, the Plaintiff asks for leave to amend its Complaint so as to drop the strict liability claims asserted against the Defendants in favor of contract claims. The Plaintiff did assert, in its original Complaint, contract claims against Westburne, and therefore, Westburne has no opposition to the proposed amendment. Likewise, Sioux Chief does not oppose the proposed amendment, as it anticipates being dismissed from the litigation upon service of process upon Fu San. The Plaintiff insists that the amendment would cause no prejudice to Fu San, as they have yet to be served. As new counsel for Plaintiff brought this Motion immediately upon his substitution into the case, and as it will cause no prejudice to any party, we find good cause to grant this part of the Plaintiff's Motion as well.

NOW, THEREFORE, It is --

---

[2]The deadline for filing Motions to amend the pleadings, or to add parties, which has already passed, will not be extended, as none of the parties contemplate any further amendments, or the joinder of any additional parties.

ORDERED:

1. That the Plaintiff's Motion to extend the discovery and certain of the other pretrial deadlines, as well as the Plaintiff's Motion to Amend its Complaint [Docket No. 16], are GRANTED, as more fully detailed in the text of this Order.

2. That service of process shall be effected upon the Defendant Fu San by no later than November 26, 2001, absent further Order of the Court.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE